Jonathan B. Paul (SBN 215884)
Kristlenne C. Vicuna (SBN 329000)
**RIVERA HEWITT PAUL LLP**
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
T: (916) 922-1200
F: (916) 922-1303
E: jpaul@rhplawyers.com
E: kvicuna@rhplawyers.com

Attorney for Defendants COUNTY OF
SACRAMENTO, SACRAMENTO
COUNTY SHERIFF'S DEPARTMENT,
and DAVID PANTOJA

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE WHITE, et al., | No. 2:23-cv-1857 KJM DB |
| Plaintiffs, | |
| v. | **STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS PURSUANT TO EASTERN DISTRICT CIVIL LOCAL RULE 141.1, AND ORDER** |
| COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DAVID PANTOJA, et al., | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED between the parties, by and through their undersigned counsel of record, that:

WHEREAS, to expedite discovery and permit discovery to proceed without the delay occasioned by possible disputes regarding claims of confidentiality, the parties wish to produce documents and things subject to the protective provisions set forth below;

WHEREAS, per Local Rule 141.1(c)(1) and (2), the parties anticipate that, given the nature of the claims and defenses in this action, discovery will likely include personnel records, medical records and other sensitive employment information, the disclosure of which poses a substantial risk

of harm to Plaintiff Eugene White's privacy rights, his spouse Nuria White, Defendant County of Sacramento and Defendant Sacramento County Sheriff's Department employees' privacy rights, and Defendant Deputy David Pantoja's (a Sacramento County Sheriff's Department employee) privacy rights.

WHEREAS, per Local Rule 141.1(c)(3), the parties believe that the Terms and Conditions set forth below should be entered by a court order, as opposed to a private agreement between or among the parties, because the terms herein will pertain solely to the production and use of discovery in this action and will provide the mechanisms by which the parties can expeditiously resolve confidentiality and privilege related disputes;

WHEREAS, the parties hereby request that the Court enter a protective order consistent with the terms of this Stipulated Protective Order ("Protective Order");

WHEREAS, the parties' disclosure of information in this action is made in reliance on the provisions of this Protective Order permitting the parties to designate documents, deposition and other testimony, information, and things as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" as defined below, and thereby protect such designated information from unauthorized use or disclosure;

NOW, THEREFORE, the parties hereby agree to the Terms and Conditions set forth below:

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Eastern District Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be

1  applied when a party seeks permission from the court to file material under seal.

2  2.      DEFINITIONS

3      2.1      Action:    The instant action: *Eugene White v. County of Sacramento, et al.* Case No.

4  2:23-cv-01857-KJM-DB.

5      2.2      Challenging Party:  a Party or Non-Party that challenges the designation of information

6  or items under this Order.

7      2.3      CONFIDENTIAL  Information or Items:   information (regardless of how it is

8  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

9  Civil Procedure 26(c), and for which public disclosure is likely to result in particularized harm and

10  violate privacy interests recognized by law.  This information may include:

11          a.      personnel file records of any peace officer;

12      For purposes of this stipulated protective order confidential personnel records of persons

13  employed by Sacramento County and Sacramento County Sheriff's Department, includes but is not

14  limited to, documents concerning, relating or referring to: background investigations, hiring,

15  appointment, termination, job performance and evaluations, awards, commendations, recognition of

16  all professional accomplishments, training, internal affairs investigative files, citizen complaints,

17  charges of misconduct, admonitions, and whether it resulted in discipline or retraining.

18          b.      medical records;

19          c.      social security numbers and similar sensitive identifying information (unless

20  redacted by order or by agreement of all parties).

21      2.4      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

22  extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another

23  Party or Non-Party would create a substantial risk of serious harm (such as harassment and violation

24  of Defendant David Pantoja's Civil Harassment Restraining Order) that could not be avoided by less

25  restrictive means.

26      2.5      Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well

27  as their support staff).

28  / / /

2.6     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.7     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

/ / /

Stipulated Protective Order for Confidential Documents,  Order

2.16   <u>Receiving Party</u>:   a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material that reveal the source of the Protected Material or that reveal specific information entitled to confidentiality as a matter of law; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) any information where the Designating Party withdraws its <u>CONFIDENTIAL</u> and/or <u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u> designations.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit

any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or stymie the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

<u>Designation in conformity with this Order requires</u>:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which

documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) To the extent documents being produced under a "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend contain personal information pertaining to deputies (such as social security numbers, dates of birth, home addresses, or telephone numbers, drivers' license numbers, benefits information, or medical information) or the names and similar personal information of the deputies' family members, such information will be redacted in black before production, even with the Protective Order.

For any documents containing third parties' social security numbers, dates of birth, or drivers' license numbers, such information will also be redacted in black.

In the event that Plaintiff believes certain redacted material might have some relevancy warranting disclosure, the parties agree to meet and confer on whether the information should be disclosed (albeit subject to the protective order).  If the parties cannot resolve such redaction issues, then they will seek resolution of the matters by the Court.

(c)   for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony; or after close of the deposition and once in receipt of the deposition transcript, the Designating Party may make designations to the deposition transcript as provided for in section 5.2(a) above and serving a copy of the marked deposition transcript on all parties within 120 days of receipt of the deposition transcript.

(d)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection,

1  the Producing Party, to the extent practicable, shall identify the protected portion(s).

2     5.3   <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to

3  designate qualified information or items does not, standing alone, waive the Designating Party's right

4  to secure protection under this Order for such material. Upon timely correction of a designation, the

5  Receiving Party must make reasonable efforts to assure that the material is treated in accordance with

6  the provisions of this Order.

7  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8     6.1   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of

9  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

10  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

11  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

12  confidentiality designation by electing not to mount a challenge promptly after the original

13  designation is disclosed.

14     6.2   <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process

15  by providing written notice of each designation it is challenging and describing the basis for each

16  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite

17  that the challenge to confidentiality is being made in accordance with this specific paragraph of the

18  Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the

19  process by conferring directly (in voice-to-voice dialogue; other forms of communication are not

20  sufficient) within 14 days of the date of service of notice. However, if the Challenging party has made

21  three or more attempts to schedule a meet and confer via email and/or has left voicemails but is

22  unsuccessful in reaching the other party, the documented efforts shall be sufficient to move on to the

23  next stage of the challenge process; the parties should continue attempts to meet and confer directly

24  while in the next stage of the challenge process if possible.

25     In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

26  designation was not proper and must give the Designating Party an opportunity to review the

27  designated material, to reconsider the circumstances, and, if no change in designation is offered, to

28  explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of

1  the challenge process only if it has engaged in this meet and confer process first or establishes that

2  the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

3        6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

4  intervention, the Designating Party shall file and serve a motion to retain confidentiality under Eastern

5  District Civil Local Rule 251 (and in compliance with Civil Local Rule 141, if applicable) within 21

6  days of the parties agreeing, or one party stating, that the meet and confer process will not resolve

7  their dispute. Each such motion must be accompanied by a competent declaration affirming that the

8  movant has complied with the meet and confer requirements imposed in the preceding paragraph or

9  their efforts to comply with the meet and confer requirements. Failure by the Designating Party to

10 make such a motion, including the required declaration, within 21 days shall automatically waive the

11 confidentiality designation for each challenged designation.

12       In addition, the Challenging Party may file a motion challenging a confidentiality designation

13 at any time if there is good cause for doing so, including a challenge to the designation of a deposition

14 transcript or any portions thereof. Any motion brought pursuant to this provision must be

15 accompanied by a competent declaration affirming that the movant has complied with the meet and

16 confer requirements (or their efforts to comply) imposed by the preceding paragraph, 6.2.

17       The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

18 Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

19 expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

20 Designating Party has waived the confidentiality designation by failing to file a motion to retain

21 confidentiality as described above, all parties shall continue to afford the material in question the level

22 of protection to which it is entitled under the Producing Party's designation until the court rules on

23 the challenge.

24 7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

25       7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

26 produced by another Party or by a Non-Party in connection with this case only for prosecuting,

27 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

28 categories of persons and under the conditions described in this Order. When the litigation has been

terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation (counsel and law firms appearing in this action are deemed to have agreed to be bound by this Protective Order);

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(d)  the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (**Exhibit A**);

(f)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the witness signs the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**); and (2) they will not be permitted to keep any confidential information, or unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order or as agreed by the Designating Party; and

1    (g)  the author or recipient of a document containing the information or a custodian or other

2    person who otherwise possessed or knew the information.

3    (h)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon

4    by any of the parties engaged in settlement discussions.

5    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

6    Information or Items.  Records designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7    ONLY may not be disclosed to Plaintiff EUGENE WHITE or the individually named law

8    enforcement officers. Unless otherwise ordered by the court or permitted in writing by the

9    Designating Party, a Receiving Party's counsel may disclose any information or item designated

10   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

11   (a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of

12   said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

13   this Action;

14   (b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

15   necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound"

16   (**Exhibit A**);

17   (c)  the court and its personnel;

18   (d)  private court reporters and their staff to whom disclosure is reasonably necessary for this

19   Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

20   (e)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom

21   disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and

22   Agreement to Be Bound" (**Exhibit A**);

23   (f)  the author or recipient of a document containing the information or a custodian or other

24   person who otherwise possessed or knew the information; and

25   (g)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon

26   by any of the parties engaged in settlement discussions.

27   7.4    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28   ONLY"  Information Produced pursuant to this Protective Order may not be delivered, exhibited,

emailed, texted or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio, television, social and electronic media sites such as X (formerly Twitter), Instagram, Facebook, LinkedIn, Snapchat, WhatsApp, Reddit, Google, TikTok, or any other form of social media or internet blog.

7.5. No information shall lose its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order. In addition, any information that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and produced by the parties does not lose its confidential or highly confidential status due to any inadvertent or unintentional disclosure.

8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in

1   these provisions should be construed as authorizing or encouraging a Receiving Party in this Action
2   to disobey a lawful directive from another court.

3   9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
4           LITIGATION

5           (a)   The terms of this Order are applicable to information produced by a Non-Party in this
6   Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS'
7   EYES ONLY."   Such information produced by Non-Parties in connection with this litigation is
8   protected by the remedies and relief provided by this Order.   Nothing in these provisions should be
9   construed as prohibiting a Non-Party from seeking additional protections.

10          (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's
11  confidential information in its possession, and the Party is subject to an agreement with the Non-Party
12  not to produce the Non-Party's confidential information, then the Party shall:

13              (1)  promptly notify in writing the Requesting Party and the Non-Party that some or
14  all of the information requested is subject to a confidentiality agreement with a Non-Party;

15              (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order
16  in this litigation, the relevant discovery request(s), and a reasonably specific description of the
17  information requested; and

18              (3)   make the information requested available for inspection by the Non-Party, if
19              requested.

20          (c)  If the Non-Party fails to object or seek a protective order from this court within 14 days
21  of receiving the notice and accompanying information, the Receiving Party may produce the Non-
22  Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a
23  protective order, the Receiving Party shall not produce any information in its possession or control
24  that is subject to the confidentiality agreement with the Non-Party before a determination by the court.
25  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking
26  protection in this court of its Protected Material.

27  10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

28          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

1  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

2  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

3  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

4  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

5  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

6  Bound" that is attached hereto as **Exhibit A**.

7  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

8  MATERIAL

9         When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

10  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

11  are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

12  modify whatever procedure may be established in an e-discovery order that provides for production

13  without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

14  parties reach an agreement on the effect of disclosure of a communication or information covered by

15  the attorney-client privilege or work product protection, the parties may incorporate their agreement

16  in the stipulated protective order submitted to the court.

17  12.    MISCELLANEOUS

18         12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

19  its modification by the Court in the future.

20         12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

21  no Party waives any right it otherwise would have to object to disclosing or producing any information

22  or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to

23  object on any ground to use in evidence of any of the material covered by this Protective Order.

24         12.3    Filing Protected Material. Without written permission from the Designating Party or a

25  court order secured after appropriate notice to all interested persons, a Party may not file in the public

26  record in this action any Protected Material. A Party that seeks to file under seal any Protected

27  Material must comply with Eastern District Civil Local Rule 141. Protected Material may only be

28  filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

issue. Pursuant to Eastern District Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Eastern District Civil Local Rule 141(b) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Eastern District Civil Local Rule 141(e)(1) unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. When the Protected Material is returned, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

IT IS SO STIPULATED, BY ALL PARTIES, THROUGH THEIR COUNSEL OF RECORD.

DATED:  November 3, 2023.                    RIVERA HEWITT PAUL LLP


                                             */s/Kristlenne C. Vicuna*
                                             _____
                                             JONATHAN B. PAUL
                                             KRISTLENNE C. VICUNA
                                             Attorneys for Defendants County of
                                             Sacramento, Sacramento County Sheriff's
                                             Department, and David Pantoja

DATED: November 3, 2023.                    SEVERO, PLC

                                            _/s/ Grenville Pridham_ (authorized on 11-3-2023)
                                            RAOUL J. SEVERO, Esq.
                                            GRENVILLE PRIDHAM, Esq.
                                            Attorneys for Plaintiff Eugene White

Stipulated Protective Order for Confidential Documents,  Order

## **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____
_____ [print or type full address], declare under penalty
of perjury that I have read in its entirety, and understand the Protective Order that was issued by the
United States District Court for the Eastern District of California on _____,
2023 in the case of *Eugene White v. County of Sacramento, et al.* Case No. 2:23-cv-01857-KJM-DB.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt and/or civil damages.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint
_____ [print or type full name] of
_____
_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

[SIGNATURE PAGE TO FOLLOW]

- 17 -
Stipulated Protective Order for Confidential Documents,  Order

Printed name: _____

Signature: _____

1

**ORDER**

2      Pursuant to the parties' stipulation, IT IS SO ORDERED.

3      IT IS FURTHER ORDERED THAT:

4      1.  Requests to seal documents shall be made by motion before the same judge who will decide

5  the matter related to that request to seal.

6      2.  The designation of documents (including transcripts of testimony) as confidential pursuant

7  to this order does not automatically entitle the parties to file such a document with the court under

8  seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule

9  141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the

10 court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is

11 not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to

12 Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the

13 identity, by name or category, of persons to be permitted access to the document, and all relevant

14 information." L.R. 141(b).

15     3.   A request to seal material must normally meet the high threshold of showing that

16 "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related"

17 to the merits of a case, the request to seal may be granted on a showing of "good cause."  Ctr. for

18 Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and

19 County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

20     4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain

21 documents, at any court hearing or trial – such determinations will only be made by the court at the

22 hearing or trial, or upon an appropriate motion.

23     5.  With respect to motions regarding any disputes concerning this protective order which the

24 parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.

25 Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on

26 shortened time.

27 *////*

28

6.  The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.  Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: November 9, 2023                    /s/ DEBORAH BARNES
                                           UNITED STATES MAGISTRATE JUDGE

Stipulated Protective Order for Confidential Documents,  Order