1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    EUGENE WHITE,                                No.  2:23-cv-01857-DC-SCR

12                  Plaintiff,

13          v.                                      ORDER

14    COUNTY OF SACRAMENTO, et al.,

15                  Defendants.

16

17          Plaintiff is proceeding pro se, and this matter is referred to the undersigned pursuant to

18    Local Rule 302(c)(21).  Before the Court are Plaintiff's four motions: 1) motion to dismiss (ECF

19    No. 30); 2) amended motion to dismiss (ECF No. 36); 3) motion to disqualify opposing counsel

20    (ECF No. 38); and 4) motion to withdraw voluntary dismissal (ECF No. 39).  The motions were

21    taken under submission on February 5, 2025.  ECF No. 44.  The Court will grant Plaintiff's

22    motion to withdraw the earlier-filed motions to dismiss, and deny Plaintiff's motion to disqualify

23    opposing counsel.

24          **I.  Background and Procedural History**

25          Plaintiff, while represented by counsel, commenced this action in Sacramento County

26    Superior Court in October 2022.  Plaintiff proceeds under 42 U.S.C. § 1983 and brings claims

27    concerning his arrest in February 2021 and subsequent criminal charges.  ECF No. 12.  Plaintiff

28    alleges the criminal case against him was dismissed in November 2021.  *Id.* at 6.  Defendants

1

1  removed the action to this Court on August 29, 2023.  ECF No. 5.  Thereafter, Plaintiff filed a

2  First Amended Complaint.  ECF No. 12.

3  On October 24, 2024, Plaintiff's counsel filed a motion to withdraw.  ECF No. 25.  The

4  day before the hearing on the motion to withdraw, Plaintiff filed pro se a "Motion to Dismiss

5  without Prejudice" ("First Motion to Dismiss").  ECF No. 30.  District Judge Coggins granted the

6  motion allowing counsel to withdraw on December 30, 2024, and referred the First Motion to

7  Dismiss to the undersigned.  ECF No. 33 at 6.

8  Plaintiff has, since counsel withdrew, indicated that he will proceed pro se.  ECF No. 37.

9  He filed an additional motion to dismiss ("Second Motion to Dismiss") on January 8, 2025.  ECF

10  No. 36.  Two days later, he filed a motion to withdraw his dismissal.  ECF No. 39.  He also filed a

11  motion to disqualify opposing counsel, to which defendants filed an opposition.  ECF Nos. 38 &

12  43.  The time for filing a reply has expired, and no reply was filed.  Local Rule 230(e) (allowing

13  10 days for a reply to an opposition).

14  **II.  Motions**

15  Pursuant to Federal Rule of Civil Procedure 41, a Plaintiff may dismiss an action without

16  court order by filing a notice of dismissal prior to the opposing party serving either an answer or

17  motion for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Defendants have filed an answer.

18  Therefore, Plaintiff may dismiss by written stipulation signed by all parties who have appeared,

19  or "by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

20  Plaintiff's First Motion to Dismiss (ECF No. 30) seeks to dismiss his action without

21  prejudice.  It was not a stipulated motion, but Defendants did file a statement of non-opposition

22  stating they did not oppose dismissal without prejudice.  ECF No. 35.  Plaintiff's Second Motion

23  to Dismiss again sought dismissal without prejudice.  ECF No. 36.

24  However, Plaintiff thereafter filed a "Motion for Withdrawal of Non Heard Voluntary

25  Case Dismissal Without Prejudice."  ECF No. 39.  He states therein he "shall continue to

26  prosecute this CV action, Pro-Se, representing myself without legal counsel, until further notice."

27  *Id.* at 1.  Plaintiff has also stated in other recent filings his desire to proceed with the case.  *See*

28  ECF No. 37 at 2 ("I hereby, motion to withdraw my own motion for voluntary dismissal as

2

1   plaintiff without prejudice.").  The Court will grant the motion to withdraw the earlier motions to

2   dismiss.  In the future, if Plaintiff wishes to voluntarily dismiss the action, he may do so by filing

3   a brief motion citing to Federal Rule of Civil Procedure 41(a)(2), or he may submit a stipulated

4   notice of dismissal pursuant to Rule 41(a)(1)(A)(ii).

5          Plaintiff also filed a motion for disqualification of opposing counsel.  ECF No. 38.  The

6   motion sets forth no coherent basis to disqualify opposing counsel.  The motion cites to California

7   Rule of Professional Conduct 3.7 concerning lawyer as a witness, but Plaintiff appears to

8   complain of his own prior counsel, Joshua Schroeder, who was given leave to withdraw.  Pages

9   three through seven of the motion are difficult to follow and contain graphics, the relevance of

10  which is unclear.[1]  Opposing counsel are Jonathan Paul and Kristlenne Vicuna, and the motion

11  makes no reference to them by name and does not explain how either lawyer is likely to be a

12  witness a trial.

13         In determining whether to disqualify counsel, state law applies.  See *In re County of Los*

14  *Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) ("we apply state law in determining matters of

15  disqualification").  Because of the potential for abuse, disqualification motions are subject to

16  strict judicial scrutiny. *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050

17  (9th Cir. 1985).  The party seeking disqualification bears the burden of establishing by a

18  preponderance of the evidence the basis for disqualification. *Storz Management Co. v. Carey,* 526

19  F.Supp.3d 747, 751 (E.D. Cal. 2021).  "The disqualification of counsel is 'generally disfavored

20  and should only be imposed when absolutely necessary.'" *Id.* at 752 (internal citation omitted).

21         Plaintiff's motion does not set forth a clear argument for disqualification, and certainly

22  does not establish by a preponderance of the evidence a basis for disqualification.  The motion is

23  denied.

24  ////

25  ////

26

27  [1] According to Defendants' opposition, Plaintiff has repeatedly "superimposed a photograph of
    defense counsel onto a screenshot from the video produced during discovery in this case and
    likewise superimposed various text images upon the probable cause declaration of Deputy

28  Pantoja."  ECF No. 43 at 5 n.2.

**III. Status Reports**

Plaintiff is reminded of the February 14, 2025 deadline for the submission of status reports. See ECF No. 33. Defendants filed their status report on that date. ECF No. 45. To date, Plaintiff's status report has not been docketed. If Plaintiff has not yet sought to file a status report, he shall do so as soon as possible. Failure to do so may result in an order to show cause why this action should not be dismissed for failure to prosecute and failure to follow a court order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to withdraw his voluntary case dismissal (ECF No. 39) is GRANTED;

2. Plaintiff's motions to dismiss (ECF Nos. 30 & 36) are withdrawn and DENIED WITHOUT PREJUDICE; and

3. Plaintiff's motion to disqualify counsel (ECF No. 38) is DENIED.

SO ORDERED.

DATED: February 18, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE