1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EUGENE WHITE,                              No.  2:23-cv-01857-DC-SCR

12              Plaintiff,

13

14        v.

15                                              ORDER

     COUNTY OF SACRAMENTO, et al.,
16
              Defendants.
17

18

19        In the past six weeks, Plaintiff has filed nine motions, including five on July 28, 2025

20   alone.  ECF Nos. 78-81, 83.  Defendants have filed one motion seeking an "order directing

21   Plaintiff's further interactions with defense counsel and witnesses."  ECF No. 59.  That motion is

22   set for hearing on August 14, 2025.  Plaintiff has also filed a motion to reopen discovery (ECF

23   No. 56) and related motion to vacate protective order (ECF No. 60), which the Court has taken

24   under submission (ECF No. 58) and will decide by separate order.  This Order addresses

25   Plaintiff's five most recent motions and denies those motions without further briefing or hearing.[1]

26

27

     ---
28   [1]  Four of the five motions were not noticed for hearing as required by Local Rule 230(b).  The
     one motion that Plaintiff set for hearing was noticed in violation of LR 230(b), which requires

                                              1

1  **I.**   **Analysis**

2     **1. Motion to Terminate Magistrate Referral and Restore Full Article III Oversight**

3        **(ECF No. 83)**

4        In this motion, Plaintiff states he does not consent to magistrate judge jurisdiction and he

5  seeks to preserve his Article III rights.  He asks that all referrals to the magistrate judge be

6  terminated.  Plaintiff's motion to terminate magistrate judge referral is **DENIED**.  This matter is

7  referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule

8  302(c)(21).  However, because the parties have not consented to magistrate judge jurisdiction

9  over this matter, the undersigned cannot issue orders resolving dispositive motions.  Judge

10  Coggins remains assigned to this matter as an Article III judge.  While the undersigned may issue

11  findings and recommendations on dispositive motions, Judge Coggins alone can issue orders

12  resolving those motions.  Plaintiff may otherwise object to the undersigned's rulings and seek

13  further review from Judge Coggins as provided by 28 U.S.C. § 636 and the Local Rules.

14     **2. Motion for Sanctions (ECF No. 78)**

15        Plaintiff seeks sanctions against opposing counsel for "unauthorized and improper

16  calendaring authority, deceptive representation of indemnity status, and filing actions that seek to

17  obstruct justice."  ECF No. 78 at 2.  The motion appears to complain, among other things, that

18  defense counsel set a hearing on Defendants' own motion.  *Id*. at 3.  Some of the relief sought

19  includes asking the Court to take judicial notice of the "use of hate code references ("88") and

20  Nazi-aligned markings".  *Id*. at 8.  The motion sets forth no discernible basis for sanctions.

21  Additionally, the relief requested is largely not sanctions, but instead judicial notice, declarations

22  about magistrate judge jurisdiction, and setting a hearing on "national security and legal integrity

23  issues."  *Id*. at 9.  The motion is DENIED.

24  ////

25  ////

26

27  _____

that the matter be set for hearing "not less than thirty-five (35) days after service and filing of the

28  motion."

1

**3. Motion to Amend (ECF No. 79)**

2      Plaintiff seeks leave to amend his complaint. Plaintiff contends the motion is necessary to

3 "restore the case's true federal character, and preclude the use of strategic loopholes to evade

4 judicial scrutiny." ECF No. 79 at 1. Plaintiff complains of the conduct of his former counsel. *Id.*

5 at 2. Plaintiff's motion is procedurally improper as it does not attach as an exhibit the proposed

6 amended complaint. *See* Local Rule 137(c). Additionally, the deadline for an amended pleading

7 was in November 2023, and Plaintiff filed a first amended complaint by that deadline. ECF Nos.

8 8 & 12.

9      Once the deadline in a scheduling order has passed, Plaintiff must meet the "good cause"

10 standard and show diligence to be allowed leave to amend. See *Johnson v. Mammoth*

11 *Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("Once the district court had filed a

12 pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a

13 timetable for amending pleadings that rule's standards control[].")."Rule 16(b)'s 'good cause'

14 standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In

15 this regard, under Rule 16(b), plaintiffs "must show good cause for not having amended their

16 complaints before the time specified in the scheduling order expired." *Coleman v. Quaker Oats*

17 *Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Plaintiff's motion does not address the good cause

18 standard or demonstrate that he was diligent in seeking amendment. The motion is DENIED.

19

**4. Supplemental Motion to Amend (ECF No. 81)**

20      Plaintiff states this is a supplement to his motion to amend, but it does not actually seek to

21 amend the complaint. Instead, the motion asks the Court to bar opposing counsel from further

22 filings "until they establish valid indemnity." ECF No. 81 at 5. It is unclear what Plaintiff

23 means. Opposing counsel have been retained to represent the defendants in this case. Plaintiff

24 points to no legal basis for them to indemnify him or anyone else. The motion also complains

25 about the conduct of discovery – arguing that it was not provided, that it was a "data dump", and

26 that the attorney's eyes only designation was overused. To the extent this was intended to be a

27 discovery motion, it fails to comply with Local Rule 251. The Court will construe it by its title –

28

3

1    a "supplemental motion to amend complaint" and deny it for the reasons stated above in denying

2    the motion for leave to amend.

3         **5.    Motion to Strike (ECF No. 80)**

4         Plaintiff's motion seeks to strike "all irrelevant, malicious, or subversive filings" submitted

5    by Defendants.  ECF No. 80 at 1.  Motions to strike are governed by Federal Rule of Civil Procedure

6    12(f), which the motion does not cite.  Rule 12(f) states that a court "may strike from a pleading an

7    insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ.

8    P. 12(f).  "The function of a 12(f) motion to strike is to avoid expenditure of time and money that

9    must arise from litigating spurious issues by dispensing with those issues prior to trial."

10   *Whittlestone, Inc. v. Handi-Craft, Co*., 618 F.3d 970, 973 (9th Cir. 2010).  "While a Rule 12(f)

11   motion provides the means to excise improper materials from pleadings, such motions are generally

12   disfavored because the motions may be used as delaying tactics and because of the strong policy

13   favoring resolution on the merits."  *Barnes v. AT&T Pension Ben*. *Plan*, 718 F.Supp.2d 1167, 1170

14   (N.D. Cal. 2010); see also *Bakersfield Pipe & Supply v. Cornerstone Valve, LLC*, 2015 WL

15   4496349, *2 (E.D. Cal. July 23, 2015) (Generally, motions to strike are "disfavored and

16   infrequently granted.").

17        Plaintiff's motion does not identify any specific portions of pleadings he wishes to strike.

18   Plaintiff mentions one individual who he claims is "referenced in several filings" and contends her

19   "presence in the record is unlawful, as she is a false impersonator."  ECF No. 80 at 4.  Plaintiff does

20   not identify where in the record this name appears, or establish that such should be stricken pursuant

21   to Rule 12(f) or on any other legal basis.  The motion is DENIED.

22   **II.    Conclusion**

23        For the foregoing reasons, **IT IS HEREBY ORDERED**:

24        1)  Plaintiff's motion to terminate magistrate referral (ECF No. 83) is DENIED;

25        2)  Plaintiff's motion for sanctions (ECF No. 78) is DENIED;

26        3)  Plaintiff's motion to amend (ECF No. 79) and supplemental motion to amend (ECF

27           No. 81) are DENIED; and

28        4)  Plaintiff's motion to strike (ECF No. 80) is DENIED.

5) On August 14, 2025 at 10:00 a.m., the Court will hear Defendants' motion regarding further interactions with defense counsel (ECF No. 59) and Plaintiff's related counter-motions (ECF Nos. 64, 72).  The Court will also use that hearing as a status conference concerning further proceedings in this case.

6) By separate order, the Court will decide Plaintiff's motion to reopen discovery (ECF No. 56) and related motion to vacate protective order (ECF No. 60).

7) With the exception of a motion seeking relief against irreparable harm, the parties shall refrain from further filings until after the August 14, 2025 hearing.  Plaintiff is cautioned that any further motion or paper filed in violation of this Court's orders, Local Rules, or the Federal Rules of Civil Procedure may be stricken.

**IT IS SO ORDERED.**

DATED: August 1, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE